CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2015 MAR 31  PM 3: 33

DEPUTY CLERK  RAN

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| THOMAS S. CHILDS, § | |
| § | |
| Plaintiff, § | **3-15CV-1001G** |
| § | Case No.: _____ |
| v. § | |
| § | |
| RESIDENT CHECK, INC § | |
| d/b/a RESIDENT CHECK, § | JURY TRIAL DEMANDED |
| § | |
| § | |
| Defendant. § | |
| § | |

## COMPLAINT

**COMES NOW**, Plaintiff, Thomas S. Childs, ("Plaintiff"), for his Complaint against Defendant Resident Check, Inc d/b/a Resident Check ("RCI"). RCI is referred to herein as "Defendant". In support of this Complaint, Plaintiff alleges as follows:

### I.
### Preliminary Statement

1.1   Plaintiff brings this action for damages based upon Defendant's violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*. Plaintiff seeks an award of statutory damages, actual damages, punitive damages and fees and costs.

### II.
### Jurisdiction and Venue

2.1   This Court has subject-matter jurisdiction over this matter pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1331. Venue in this judicial district is proper because Plaintiff resides in this judicial district and many of the facts relevant to this Complaint occurred in this judicial district.

## III.

### Parties

3.1     Plaintiff is a resident of Arlington, Texas.  Plaintiff is a "consumer" as defined by Section 1681a(c) of the FCRA.

3.2     RCI is a legal entity, doing business in the State of Texas. RCI is a "furnisher" of consumer credit information as that term is used in Section 1681s-2(a) and (b) of the FCRA. RCI may be served through its Registered Agent, Jorge Baldor, located at 4230 Lyndon B Johnson Fwy., Ste. 407, Dallas, Texas 75244-5882.

## IV.
### Factual Allegations

4.1     On or about Septmember 17, 2010, Defendant received a final billing statement in the amount of $51.10, wherein Plaintiff offered to pay. See Final Billing Statement, attached hereto as Exhibit "A".

4.2     On or about Septmember 18, 2010, Plaintiff confirmed that the final billing statement had been received by Defendant. And more specifically, to Mariana Gollaher that worked in the capacity as the Collection Coordinator. See Creditor Emails, attached hereto as Exhibit "B".

4.3     Between October 2010 and April 2013, Plaintiff contacted Defendant in regard to final billing statement. See Certified Letters and Telecopy, attached hereto as Exhibit "C".

4.4     Defendant reported and also verified unjustifiable debt of $625.00 to the credit reporting agencies during the aforementioned time period[1]. See Investigation Results, attached hereto as Exhibit "D".

4.5     Plaintiff made several demands upon Defendant to remove the alleged credit delinquency from their reports to the credit reporting agencies. However, Defendant refused.

4.6 As a result of Defendant's refusal to remove this alleged credit delinquency, Plaintiff has suffered significant damages, including, but not limited to, the inability to lease another apartment.

## V.
## Causes of Actions

### Count One
### Violation of the Fair Credit Reporting Act
### 15 U.S.C.s-2(b)(1)

5.1     Plaintiff hereby incorporates by reference all allegations contained in the preceding paragraphs.

5.2     Defendant is a "furnisher" as the term is used Section 1681s-2 of the FCRA.

5.3     Section 1681n of the FCRA imposes civil liability on any furnisher "who fails to comply with any requirement" of the Act. See U.S.C. § 1681n(a).

5.4     Furnishers of credit information have a duty under the FCRA to investigate disputes from consumers as to the accuracy of information reported about them, to wit:

---

[1] Plaintiff only became aware of the amount after checking credit files online.

Complaint, *Childs v. Resident Check, Inc*

> After receiving notice pursuant to section 611(a)(2) [§ 1681i] of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall:
>
> (A) conduct an investigation with respect to the disputed information;
>
> (B) review all relevant information provided by the consumer reporting agency pursuant to section 611(a)(2) [§ 1681i];
>
> (C) report the results of the investigation to the consumer reporting agency;
>
> (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and
>
> (E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly –
>
> > (i)    modify that item of information;
> > (ii)   delete that item of information; or
> > (iii)  permanently block the reporting of that item of information.

See 15 U.S.C. § 1681s-2(b)(1).

5.5    At the time Defendant reported the alleged credit delinquency, Defendant knew Plaintiff did not owe $625.00.

5.6    Plaintiff contacted Defendant to dispute the alleged credit delinquency, thereby providing the requisite notice to Defendant, under Section 1681i(a)(2) of the FCRA.

5.7 Defendant failed to conduct a reasonable investigation into the accuracy of the information related to alleged credit delinquency, in violation of Section 1681s-2(b)(1) of the FCRA.

5.8 Notwithstanding Defendant's actual knowledge that Plaintiff did not owe $625.00, Defendant's failure to conduct a reasonable investigation of the accuracy of its reporting of this adverse information shows a reckless disregard for Plaintiff's rights under the FCRA.

5.9 In addition to the violation as described above, Defendant failed to satisfy its duty, under Section 1681s-2(b) to update incomplete or inaccurate information it had previously reported to the credit reporting agencies upon receiving notice that Plaintiff disputed the accuracy of the alleged credit delinquency.

5.10 Defendant's failure to report that Plaintiff disputed the accuracy of the alleged credit delinquency was a failure to accurately update the information because it was "misleading in such way and to such an extent that it [could] be expected to have an adverse effect" on Plaintiff. *Gorman v. Wolpoff & Abramson*, LLP et. al, 584 F.3d 1147 (9th Cir.2009); *See also Saunders v. Branch Banking & Trust Co. of Va.*, 526 F.3d 142 (4th Cir.2008).

5.11 As a direct and proximate result of Defendant's willful and/or negligent refusal to comply with the FCRA as outlined above, Plaintiff has suffered substantial loss and damage including, but not limited to: economic loss due to denial of leasing opportunities, loss of opportunity to obtain credit, damage to reputation, expenditure of considerable time and out-of pocket expenses, worry, fear, distress, frustration and embarrassment, entitling him to an award of actual damages in amounts to be proved at trial, plus attorneys' fees together with the costs of this action pursuant to 15 U.S.C. § 1681o.

5.12 Defendant's complete and utter indifference as to their obligations under the FCRA reveals a conscious disregard of the rights of Plaintiff, and the injuries suffered by Plaintiff are attended by circumstances of fraud, malice, and willful and wanton misconduct,

calling for an assessment of punitive damages against Defendants, pursuant to 15 U.S.C. § 1681n(a)(2).

## VI.
## Jury Demand

6.1   Plaintiff respectfully demands a trial by jury on all issues so triable in this lawsuit.

## VII.
## Prayer for Relief

**WHEREFORE**, Plaintiff, Thomas S. Childs, respectfully prays this Court for the following relief:

(A) Actual damages in an amount to be proved at trial;

(B) Punitive damages as provided for by 15 U.S.C. § 1681n(2);

(C) Statutory damages as provided for by 15 U.S.C. § 1681n(2);

(D) Costs and attorneys' fees as provided for by 15 U.S.C. § 1681n(3) and 15 U.S.C. § 1681o(2); and

(E) Such other and further relief as this Court deems just and proper.

Respectfully submitted,

By: _____

Thomas Childs
6505 West Park Blvd.
Suite 306-182
Plano, TX 75093

(d) 214-997-3447
(e) t.childs@hotmail.com

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
CHILDS, THOMAS S.

**DEFENDANTS**
RESIDENT CHECK, INC d/b/a RESIDENT CHECK

(b) County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

RECEIVED
RAN
MAR 3 1 2015
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

County of Residence of First Listed Defendant    DALLAS
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*
JESSICA DAVIS, GENERAL COUNSEL
4230 Lyndon B Johnson Freeway, Dallas, TX 75244
(d) 972-419-0191, (f) 972-386-2302

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☒ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 U.S.C. § 1681p and 28 U.S.C. § 1331

Brief description of cause:
Violation of the Fair Credit Reporting Act ("FCRA").

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
72,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED PENDING OR CLOSED CASE(S) IF ANY
*(See instructions):*
JUDGE JOHN COUGHENOUR    DOCKET NUMBER C08-0817-JCC

DATE 3/31/15    SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # ____  AMOUNT ____  APPLYING IFP ____  JUDGE ____  MAG. JUDGE ____